# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VESTER L. PATTERSON,<br><br>    Petitioner,<br><br>    v.<br><br>JOEL MARTINEZ,<br><br>    Respondent. | Case No. 1:16-cv-01215-LJO-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO DENY PETITIONER'S MOTION FOR DEFAULT, GRANT RESPONDENT'S MOTION TO DISMISS, AND DISMISS AMENDED PETITION FOR WRIT OF HABEAS CORPUS<br><br>(ECF Nos. 10, 20, 22) |

Petitioner is a state prisoner proceeding pro se with an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I.

## BACKGROUND

Petitioner is currently in the custody of the California Department of Corrections ("CDCR") at the Sierra Conservation Center in Jamestown, California. On April 27, 2011, Petitioner pleaded guilty to one count of forcible rape and one count of forcible oral copulation. Petitioner did not contest his prior felony conviction for carjacking. On May 9, 2011, Petitioner was sentenced to two consecutive sixteen-year imprisonment terms, for a total of thirty-two years. (ECF No. 20 at 2).[1]

On August 17, 2016, Petitioner filed a federal habeas petition in this Court. (ECF No. 1). On September 29, 2016, Petitioner filed the instant amended petition for writ of habeas corpus wherein he challenges the duration of his sentence and CDCR's calculation of his release date as

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

being in excess of the lawful portion of his sentence. (ECF No. 10). On December 12, 2016, Respondent filed a motion to dismiss the amended petition because it is untimely, successive, and not cognizable in federal habeas. (ECF No. 20). On January 5, 2017, Petitioner filed a motion for default and an opposition to the motion to dismiss. (ECF No. 22). On January 11, 2017, Respondent filed an opposition to the motion for default and a reply to Petitioner's opposition to the motion to dismiss. (ECF No. 23).

**II.**

**DISCUSSION**

**A.  Motion for Default**

In the motion for default, Petitioner requests the Court to enter default judgment against Respondent for failing to comply with Rule 5 of the Rules Governing Section 2254 Cases. (ECF No. 22). Although Rule 5 states that "[t]he answer must address the allegations in the petition," the rule also provides that a "respondent is not required to answer the petition unless a judge so orders." Rule 5(a), (b), Rules Governing Section 2254 Cases. Moreover, Rule 4 provides that if after a preliminary review "the petition is not dismissed, the judge must order the respondent to file an answer, *motion*, or other response within a fixed time, or to take other action the judge may order." Rule 4, Rules Governing Section 2254 Cases (emphasis added). The Advisory Committee's Notes specifically state that Rule 4 "is designed to afford the judge flexibility," noting that "the judge may want to authorize the respondent to make a motion to dismiss based upon information furnished by respondent . . . on procedural grounds, which may avoid burdening the respondent with the necessity of filing an answer on the substantive merits of the petition." Advisory Committee's Note on Rule 4, Rules Governing Section 2254 Cases. Here, the Court's Order to Respond allowed Respondent to file either an answer or a motion to dismiss. (ECF No. 14 at 1–2). In light of said order and Rule 4 of the Rules Governing Section 2254 Cases, Petitioner's motion for default should be denied.

**B.  Motion to Dismiss**

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive

petition raising a new ground unless the petitioner can show that (1) the claim rests on a new, retroactive, constitutional right or (2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)–(B).

However, it is not the district court that decides whether a second or successive petition meets these requirements. Section 2244(b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in the district court. See Felker v. Turpin, 518 U.S. 651, 656–657 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Burton v. Stewart, 549 U.S. 147, 157 (2007).

In the amended petition, Petitioner challenges the duration of his sentence and CDCR's calculation of his release date with respect to his 2011 convictions for forcible rape and forcible oral copulation. (ECF No. 10). Petitioner previously filed a federal habeas petition in this Court challenging the same sentence in Patterson v. Sherman, No. 1:15-cv-00053-LJO-MJS.[2] On September 16, 2015, this previous petition was dismissed as untimely. Order, Patterson, No. 1:15-cv-00053-LJO-MJS (E.D. Cal. Sept. 16, 2015), ECF No. 30. Petitioner appealed the dismissal to the Ninth Circuit Court of Appeals, and the Ninth Circuit denied the request for a certificate of appealability. Order, Patterson v. Sherman, No. 16-16932 (9th Cir. Jan. 11, 2017).

The Court finds that the instant amended petition is "second or successive" under § 2244(b). See McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (holding "dismissal of a first habeas petition for untimeliness presents a 'permanent and incurable' bar to federal review of the underlying claims," and thus renders subsequent petitions "second or successive").

---

[2] The Court may take judicial notice of its own records in other cases. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file this successive petition. Therefore, this Court has no jurisdiction to consider Petitioner's renewed application for relief under 28 U.S.C. § 2254 and must dismiss the petition. See Burton, 549 U.S. at 157.

### III.
### RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's motion for default (ECF No. 22) be DENIED;

2. Respondent's motion to dismiss (ECF No. 20) be GRANTED; and

3. The amended petition for writ of habeas corpus (ECF No. 10) be DISMISSED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 23, 2017**

UNITED STATES MAGISTRATE JUDGE